IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

ZAHOUREK SYSTEMS, INC.

Plaintiff,

v.

BALANCED BODY, INC.

Defendant.

---

**VERIFIED PETITION TO COMPEL ARBITRATION UNDER FEDERAL ARBITRATION ACT 9 U.S.C. §4**

---

COME NOW the Plaintiff, Zahourek Systems, Inc. (hereinafter "Zahourek" or "Plaintiff") through its undersigned attorneys to file this Petition to compel arbitration with Balanced Body, Inc. (hereinafter "Balanced Body" or "Defendant") of claims asserted in the attached Demand for Arbitration and alternatively to proceed with breach of related claims. As grounds for this Petition, Plaintiff states the following:

**NATURE OF THE ACTION**

1. This is a petition to compel arbitration to proceed on a breach of related terms of an agreement between Plaintiff Zahourek and Defendant Balanced Body. This petition to compel arbitration is an expedited, summary proceeding under the Federal Arbitration Act.

2. Defendant Balanced Body is a party to a contract entitled "Product License Agreement" attached as Exhibit D which involves commerce among the states as required under the Federal Arbitration Act and includes the explicit obligation and agreement "to exclusively

1

submit any controversy or claim arising hereunder or in any way arising from their relationship or use of Intellectual Property to confidential binding arbitration in Larimer County, Colorado."

3. Defendant Balanced Body has breached the Product License Agreement and other related claims by, among other things, inappropriate use of Zahourek's trademarks "Anatomy in Three Dimensions" and "Anatomy in Three Dimensions An Introduction to Anatomy" and unlicensed use and display of copyright protected products on Defendant's website. A true and correct copy of a screen from Defendant's website is attached as Exhibit A.

4. Defendant Balanced Body has refused its contractual obligations to Plaintiff Zahourek including its obligation to participate in arbitration to resolve disputes. Plaintiff provides its Demand for Arbitration attached as Exhibit B. Unless Defendant agrees and consents to arbitration as a condition of its contractual obligations, it must be compelled to proceed with arbitration.

5. Plaintiff Zahourek seeks that Defendant Balanced Body be compelled to participate in the contractually obligated arbitration and, alternatively, damages and remedies for breach of related violation of rights and as stated in the Demand for Arbitration.

## THE PARTIES

6. Plaintiff Zahourek is a corporation in good standing organized under the laws of the State of New Jersey, having a principle place of business at 2198 W. 15th Street, Loveland, CO 80538, United States.

7. Upon information and belief, Defendant Balanced Body is a corporation in good standing organized under the laws of the State of California, having a principal place of business at 8220 Ferguson Avenue, Sacramento, CA 95828, United States.

## JURISDICTION AND VENUE

8.  Plaintiff Zahourek is a New Jersey corporation that maintains its principal place of business in the State of Colorado.  Defendant Balanced Body is a California corporation that maintains its principal place of business in the State of California and has presence in Colorado, for example by teaching numerous courses using and displaying Zahourek's models.  Such courses include "Anatomy in Three Dimensions, An Introduction to Anatomy" and "Anatomy in Three Dimensions – An Introduction to Anatomy in Clay" as part of Defendant's Pilates on Tour program, beginning, or at least offered, on and after July 28, 2010 and July 10, 2013 in Colorado (of which a true and correct copy of websites are attached as Exhibit C).

9.  Under the Federal Arbitration Act, 9 U.S.C. §1, the transactions and contract that is the subject of this petition to compel involve commerce among the several states (i.e., interstate commerce), and the controversies that are the subject of this action arise out of said transactions and contract.  The agreement is not a "contract of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce."  9 U.S.C. §1.

10. Under the Federal Arbitration Act, 9 U.S.C. § 2 this is a "contract evidencing a transaction involving commerce" that includes terms to settle by arbitration a controversy thereafter arising out of such contract.  It also involves a refusal to perform the whole or any part of this contract.

11. Plaintiff Zahourek is the party aggrieved by the failure, neglect, or refusal of Defendant Balanced Body to acknowledge the written contract to arbitrate.  Defendant Balanced Body is in default by failure to comply with the arbitration agreement.  Federal question

jurisdiction exists under the Federal Arbitration Act, 9 U.S.C. § 4. Accordingly, Plaintiff Zahourek petitions this Court for an order directing that such arbitration proceed in the manner provided for in the contract. Pursuant to the Federal Arbitration Act, upon service of this formal written application, Defendant Balanced Body has five days to respond. *See* 9 U.S.C. § 4.

12. To further support jurisdiction, diversity of citizenship exists between the Plaintiff and Defendant. The amount in controversy exceeds the sum or value of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs, which is the minimum required for federal diversity jurisdiction. This United States district court has jurisdiction under 28 U.S.C. § 1332(a)(1) and federal questions are involved under 9 U.S.C. § 1 et seq. and 28 U.S.C. § 1331.

13. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant is physically present in the State of Colorado, conducts business in the State of Colorado, entered into a contract with a Colorado entity under Colorado law, and has purposely availed itself of the privilege of acting in or causing important consequences in the State of Colorado, or otherwise had continuous and systematic general business contacts with the State of Colorado in such a manner that it would be foreseeable that such activities would result in it being haled into court in Colorado. Further, the exercise of personal jurisdiction over Defendants by this Court is reasonable and consistent with the Federal Due Process Clause. Defendant has conducted business in Colorado, two examples of which are attached as Exhibit C.

14. Venue is proper in this Court because the Defendant Balanced Body is subject to personal jurisdiction in this Court, a substantial part of the events or omissions giving rise to the

claims occurred in Colorado, and pursuant to the Federal Arbitration Act, 9 U.S.C. § 4 by virtue of personal jurisdiction existing in this District.

## FACTS

15. Plaintiff has developed a learning system which offers a kinesthetic approach to learning anatomy by applying clay to anatomical models. This is protected under Agreement rights and various related trademark and copyright rights. Plaintiff sells various systems and products including related copyrighted human models under its registered trademarks including but not limited to: ANATOMY IN CLAY® and MANIKEN®.

16. Defendant has purchased multiple products from Plaintiff.

17. Plaintiff's products are sold with a valid Product License Agreement attached via incorporation, *see Hugger-Mugger, L.L.C. v. Netsuite, Inc.*, 2005 U.S. Dist. LEXIS 33003, and *Zahourek v. Canine Rehab. Inst.*, Civil Action No. 12-cv-00978-LTB Order (D.Colo. June 14, 2013) (unpublished order attached as Exhibit M), and a statement attached to its products which grants only limited rights to customers to use certain Zahourek trademarks, prohibits photographs and display of photographs of Zahourek's products, and includes the subject arbitration clause for any controversy or claim arising from the agreement or in any way arising from the relationship or use of Intellectual Property. A true and correct copy of a Product License Agreement is attached as Exhibit D. The Product License Agreement also provides that the Defendant Balanced Body will not adopt or use any mark deemed so similar to Zahourek's marks that a likelihood of consumer confusion may be created and provides that all uses of marks inures to the benefit of Zahourek and specifically lists by separate reference the Anatomy

in Clay, Anatomy in Three Dimensions, and Anatomy in Three Dimensions An Introduction to Anatomy in Clay marks as Zahourek's.

18.     Plaintiff's Sales Orders, Quotes, and Invoices, a true and correct copy of several different orders between Plaintiff and Defendant attached as Exhibit E, incorporate the Product License Agreement with the following language:

> Zahourek Systems, Inc. sells products and services only with associated Product License rights. Before you can purchase the item(s), you must read and accept the terms of the associated Product License found at www.anatomyinclay.com/licenserights.html. Payment for the items(s) represents that you have read, understood, and accept the Product License terms.

19.     As part of Plaintiff Zahourek's routine business practice, a quote and/or sales order is provided to a customer upon inquiry or purchase of a product. The customer reviews the quote and/or sales order and is required to respond with direction to place the order and provide either payment or a purchase order. As part of Plaintiff Zahourek's routine business practice, Zahourek then processes the order and sends an invoice to the customer at the time the order is shipped. Defendant has received sales orders and quotes from Plaintiff Zahourek and has thereafter provided payment and ordered products through these routine business practices and has thus accepted and re-accepted many times the terms of the Product License Agreement. Several examples of true and correct copies of the sales orders, quotes, and invoices from Plaintiff to Defendant are attached as shown in Exhibit E. As an example of such routine business practices, Plaintiff Zahourek and Defendant corresponded via e-mail on January 19, 2012 where Plaintiff sent a sales order to Defendant and Defendant thereafter placed an order based on the sales order. A true and correct copy of the e-mail string corroborating these routine

business practices between Plaintiff and Defendant with documents dated January 19, 2012 as well as a true and correct copy of the referenced sales order therein and the subsequent invoice are provided as Exhibit F.  As Exhibit F shows, the sales order incorporates and makes available the Product License Agreement by reference to the online location and requires that the Defendant "must read and accept the terms" for the Product License Agreement and that payment for the items "represents that you have read, understood, and accept the Product License terms."  Invoice number 16144 dated January 19, 2012 shows the completion and payment of the order as provided on page 4 of Exhibit F.  As another example, Plaintiff and Defendant have corresponded via e-mail on November 19, 2012 and November 20, 2012 where Plaintiff sent two quotes to Defendant on November 19, 2012 and Defendant responded to those quotes indicating that Defendant read and reviewed the quotes.  A true and correct copy of an e-mail string between Plaintiff and Defendant dated November 19, 2012 and November 20, 2012 as well as a true and correct copy of the referenced quotes therein and the subsequent invoice are provided as Exhibit G (credit card information has been redacted).  As Exhibit G shows, each of these quotes incorporates and makes available the Product License Agreement by reference to the online location and requires that Defendant "must read and accept the terms" for the Product License Agreement and that payment for the items "represents that you have read, understood, and accept the Product License terms."  Invoice number 17016 dated November 20, 2102 as provided on page 7 of Exhibit G shows the completion and payment of this order with acceptance of the Product License terms as originally provided in the quote.

20.     Plaintiff provides additional notice of the Product License Agreement by placing a sticker on its products, as shown in Exhibit H, with the following language:

> Use of this product is bound by the terms of the associated Product License with Zahourek Systems, Inc. found at www.anatomyinclay.com/productlicense or contact ZSI at 1-800-950-5025.

21. The Product License includes the following excerpt of the arbitration clause as shown in Exhibit D:

> The validity and interpretation of this Agreement shall be governed by and construed in accordance with Colorado law except as to copyright and other proprietary matters which may be preempted by United States laws and international treaties. In the event of any violation of this Agreement, Zahourek reserves the right to pursue any state law remedies (including contractual remedies) or remedies under federal laws or both. The parties agree to exclusively submit any controversy or claim arising hereunder or in any way arising from their relationship or use of Intellectual Property to confidential binding arbitration in Larimer County, Colorado, to the extent permissible under law, before a single attorney having experience in enforcement of trademark and intellectual property rights in a growing business and who will enforce the contract according to its terms. Such arbitration shall be conducted in accordance with applicable law and the Commercial Arbitration Rules (CAR's) of the American Arbitration Association (AAA) with each applicable law modified for efficiency and: a) to avoid the involvement of the AAA, b) to provide for the minimal amount of discovery and other pre-hearing procedures consistent with a fair resolution of the dispute, and c) to endeavor for the dispute to be resolved within 180 days of the arbitrator's appointment unless the arbitrator determines that justice requires otherwise.

22. Defendant Balanced Body has been provided an additional copy of the Product License Agreement via a request from Defendant's attorney, Mr. Gordon E. R. Troy. A true and correct copy of the request for the additional copy of the Product License Agreement from Mr. Troy is attached as Exhibit I. A copy of a Product License Agreement was sent to Mr. Troy on

March 18, 2011 of which a true and correct copy of the correspondence forwarding the Agreement along with the attachment thereto is attached as Exhibit J.

23. During Plaintiff's attempt to negotiate additional license rights with Defendant and after receiving a copy of the Product License Agreement, Defendant responded that Balanced Body "disclaims any and all obligations to Zahourek Systems, Inc. under the alleged contract of adhesion for purchasers of … products, including without limitation those clauses regarding restrictions on photographs … and arbitration regarding disputes" as shown in the true and correct copy of the correspondence from Mr. Gordon E. R. Troy dated October 10, 2011 as Exhibit K. Balanced Body further stated that it "consider[s] those sections in particular to be unconscionable, unenforceable and contrary to law."

24. Defendant Balanced Body has used Zahourek's trademarks on their website, brochures and promotions materials including: Anatomy in Clay, Anatomy in Three Dimensions, and Anatomy in Three Dimensions An Introduction to Anatomy in Clay. Defendant Balanced Body is currently using the trademark "Anatomy in Three Dimensions" and "Anatomy in Three Dimensions An Introduction to Anatomy" on its website and includes the statement, "ANATOMY IN THREE DIMENSIONS is a trademark of Balanced Body Inc." as shown in the attached Exhibit A and on page 15 of Exhibit C.

25. Plaintiff Zahourek has registered trademarks for "Anatomy in Three Dimensions", "Anatomy in Three Dimensions An Introduction to Anatomy in Clay" and "Anatomy in Clay," the registrations for each are shown in the attached Exhibit L.

## CAUSE OF ACTION

### (Compel Arbitration)

26.     Defendant has breached its obligations to Zahourek as attached in the Demand for Arbitration in Exhibit B and is in default under the Product License Agreement attached as Exhibit D.  The nature of the dispute includes breach of contract and, alternatively and only if necessary apart from arbitration, related issues of trademark infringement, copyright infringement, unfair competition (multiple basis), misappropriation (multiple basis), deceptive trade practices, misrepresentation, each under various states' laws as applicable, business liability, and individual liability for infringement related activities.

27.     In the matter at hand, Defendant Balanced Body through its attorney, Mr. Gordon E. R. Troy has specifically refused the obligation to arbitrate, as attached in Exhibit K.  Thus, this is an item for court resolution under the Federal Arbitration Act.  *See* 9 U.S.C. §§ 1, 2, 4; *see also Grosvenor v. Qwest*, Civil Action No. 09-cv-2848-WDM-KMT Order (D.Colo. September 30, 2010)(unpublished order attached as Exhibit N), *Rent-A-Center v. Jackson*, 130 S.Ct. 2772, 2278 (June 21, 2010) and *Zahourek v. Canine Rehab. Inst*.

28.     Thus, this Court is requested to provide an order directing that such arbitration proceed under § 4 of the Federal Arbitration Act.  *See* 9 U.S.C. §§ 1, 2, 4.

29.     Therefore, Plaintiff files this petition to compel arbitration of the claims asserted in the attached Demand for Arbitration.  Pursuant to well settled precedent including the decision of *Zahourek v. Canine Rehab. Inst.*, Defendant is required to arbitrate these claims.

Standard of Review and Jurisdiction

30. "A motion to compel arbitration based on an arbitration agreement is governed by 9 U.S.C. § 4…." *Jeffrey Urbanic v. The Travelers Insurance Company*, 2011 U.S. Dist. LEXIS 50629 at page 17.[1] The United States Congress, by enacting the Federal Arbitration Act, made clear its intent for arbitration agreements to be enforced as written, and to prevent parties from avoiding their contractual obligations to arbitrate. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 105 S. Ct. 1238 (1985). Arbitration agreements are "valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In addressing questions of arbitrability, there is a "liberal federal policy favoring arbitration agreements." *Chelsea Family Pharmacy, PLLC v. Medco Health Solutions, Inc.*, 567 F.3d 1191, 1197 (10th Cir. 2009) (quoting *Mitsubishi Motors Corp. v. Solar Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625 (1985)).

31. "Under § 4 of the FAA, the Court is required to make a summary determination of the existence of an agreement to arbitrate." *Bernal v. Burnett*, Civil Action No. 10-cv-01917-PAB Defendants' Motion to Compel Individual Arbitration and Supporting Memorandum of Law (D. Colo. August 24, 2010). "A motion to compel arbitration under the Federal Arbitration Act is governed by a standard similar to that governing motions for summary judgment." *Grosvenor v. Qwest*, Civil Action No. 09-cv-2848-WDM-KMT Order (09/30/10) at page 8 citing *Stein v. Burt-Kuni One*, LLC, 396 F. Supp. 2d 1211, 1213 (D. Colo. 2005) (citing *SmartText Corp. v. Interland, Inc.*, 296 F. Supp.2d 1257, 1262 (D. Kan. 2003)). "This Court has previously

---

[1] The Federal Arbitration Act applies since the arbitration agreement is contained in a "contract evidencing a transaction involving commerce" 9 U.S.C. § 2. Alternatively, if the FAA does not apply, this motion to compel also applies under Colorado law. *See e.g.,* Colorado Uniform Arbitration Act (CUAA) sections 13-22-201 to -230, C.R.S. (2009).

held that when the dispute involves the formation of the arbitration agreement itself, courts apply 'a standard similar to that governing motions for summary judgment.'" *Jeffrey Urbanic v. The Travelers Insurance Company*, 2011 U.S. Dist. LEXIS 50629 at page 17 citing *Stein v. Burt-Kuni One*, LLC, 396 F. Supp. 2d 1211, 1213 (D. Colo. 2005) (citing *SmartText Corp. v. Interland, Inc.*, 296 F. Supp.2d 1257, 1262 (D. Kan. 2003)).  The proceeding requested is an expedited proceeding, because under § 4 of the Federal Arbitration Act, Defendant has only five days to respond to this petition.  The underlying contract is presumed valid because § 2 of the Federal Arbitration Act states: "… a contract evidencing a transaction involving commerce to settle by arbitration … shall be valid, irrevocable, and enforceable save upon such grounds as exist at law or in equity for the revocation of any contract".  9 U.S.C. §2.

32. The Defendant has specifically refused its agreement to submit disputes over the agreement to arbitration.  This Court has jurisdiction to address this petition.  *See Grosvenor v. Qwest*, Civil Action No. 09-cv-2848-WDM-KMT Order (09/30/10); *see also Rent-A-Center v. Jackson*, 130 S.Ct. 2772, 2278 (June 21, 2010).

33. Consistent with the objectives of the Federal Arbitration Act, courts are required to resolve any doubts concerning the scope of an arbitration clause in favor of arbitration. *See e.g., Mitsubishi Motors*, 473 U.S. at 626; *Moses H. Cone*, 460 U.S. at 24-25.  "The party seeking to compel arbitration bears the burden of presenting evidence sufficient to demonstrate the existence of an enforceable arbitration agreement." *Zahourek v. Canine Rehab. Inst.*, at 4 citing *Vernon v. Qwest Commc'ns Int'l*, 857 F. Supp.2d 1135, 1148 (D. Colo. 2012).  "Arbitration should be compelled if there is no genuine issue of fact concerning the formation of the agreement to arbitrate." *Id.*

34.  The existence of an agreement to arbitrate in similar circumstances has been previously established in this District Court. *See Zahourek v. Canine Rehab. Inst*. The Tenth Circuit relies on state law principles of contract formation to determine the existence of an agreement to arbitrate an issue or claim. *See Jeffrey Urbanic v. The Travelers Insurance Company,* 2011 U.S. Dist. LEXIS 50629 at page 18 citing *Avedon Eng'g, Inc.*, 126 F.3d at 1287. An agreement such as the present one was accepted under such standards for Colorado in *Grosvenor, supra.* citing *Hugger-Mugger L.L.C. v. Netsuite, Inc*., 2005 WL 2206128 (D. Utah 2005). Colorado Courts have stated that where a License Agreement expressly incorporated by reference term posted online, such terms are valid, enforceable, and binding. S*ee  Grosvenor v. Qwest*, Civil Action No. 09-cv-2848-WDM-KMT Order (09/30/10) at page 15; *see also Zahourek v. Canine Rehab. Inst.*. "Under Colorado law, '[a] contract is formed when an offer is made and accepted … and the agreement is supported by consideration. … Acceptance of an offer is generally defined as words or conduct that, when objectively viewed, manifests an intent to accept an offer.'" *Zahourek, supra* at page 5 citing *Marquardt v. Perry*, 200 P.3d 1126, 1129 (Colo. App. 2008) (citations omitted). "Furthermore, 'for an incorporation by reference to be effective, it must be clear that the parties to the agreement had knowledge of and assented to the incorporated terms.'" *Zahourek, Id.* citing *Taubman Cherry Creek Shopping Center, LLC. v. Neiman-Marcus Group, Inc*., 251 P.3d 1091, 1095 (Colo. App. 2010).

35.  Plaintiff has a valid and enforceable arbitration agreement with this Defendant. Defendant received notice of the contract terms of the Product License Agreement through various communications from Plaintiff, including sales orders, quotes, stickers, and providing a copy of the Product License Agreement to Defendant's counsel at his request.  These

communications provided sufficient notice to Defendant. Defendant accepted Plaintiff's offer with its conduct, including but not limited to that of continuing to purchase and pay for Zahourek's products after receiving sufficient notice of the Product License Agreement. Defendant's consideration is the payment of the invoice to Plaintiff and Plaintiff's consideration is the product which was shipped to Defendant and the grant of certain limited rights to use certain Zahourek products and certain trademarks. Thus, Defendant assented to the terms of the Product License Agreement including its arbitration provision.

36. Defendant accepted the terms of the invoice including the Product License Agreement each time Defendant additionally purchased products from Plaintiff. Thus, upon information and belief, Defendant has received at least seven notices of the Product License Agreement in the various sales orders, quotes, and invoices as shown in Exhibit E.

37. In addition, Plaintiff provides additional notice of the Product License Agreement to Defendant and other customers by including notice via a sticker on the product itself. *See* Exhibit H.

38. Even after Defendant was affirmatively advised of the license agreement, Defendant continued to purchase and use items. *See* Exhibit J and pages 11-15 of Exhibit E (showing that Defendant was provided a copy of the Product License Agreement on March 18, 2011 and Defendant subsequently re-purchased and re-accepted the Product License Agreement with a sales order dated January 17, 2012, an invoice dated January 19, 2012, a quote dated November 19, 2012 and an invoice dated November 20, 2012.)

39. Defendant had the duty to read the terms of the contract and will be held accountable for the terms of the contract it admittedly accepted. *See, e.g.*, *Flight Concepts Ltd.*

*P'ship v. Boeing Co.*, 38 F.3d 1152, 1157 (10th Cir. 1994) ("A party cannot void a contract by claiming to be ignorant of its contents."); *B & B Livery, Inc. v. Riehl*, 960 P.2d 134, 138 (Colo. 1998) (It is well settled that one who signs a contract without reading it is barred from claiming he or she is not bound by its terms.); *Hugger-Mugger, L.L.C. v. Netsuite, Inc.*, 2005 U.S. Dist. LEXIS 33003 at 17 citing *Flight Concepts Ltd. P'ship v. Boeing Co.*, 38 F.3d 1152, 1157 (10th Cir. 1994) ("A party cannot void a contract by claiming to be ignorant of its contents.")

40.     Courts have found web-based terms of a sale legally enforceable.  Courts, including this Court, have accepted online terms and conditions when incorporated by reference into numerous forms of commercial agreements. *See e.g., Grosvenor, supra*, citing *Hugger-Mugger LLC v. Netsuite, Inc.*, 2005 U.S. Dist. LEXIS 33003, 2005 WL 2206128 (D. Utah 2005) (the License Agreement expressly incorporated by reference certain "Terms of Service" which were posted online); *Oceanconnect.com v. Chemoil Corporation*, 2008 U.S. Dist. LEXIS 4688 (online terms including arbitration clause enforced); *International Star Registry of Illinois v. Omnipoint Marketing, LLC*, No. 05 C 6923, 2006 US Dist. LEXIS 68420 (N.D. Ill. Sept. 6, 2006) (enforcing a forum selection clause where invoices gave notice of web-based terms); *In re National Steel Corp.*, 316 B.R. 287, 294 (Bankr. N.D. Ill. 2004) ("It is undisputed that the Price Proposal, Purchase Order and Terms and Conditions [available on the buyer's website] created a contract ... between the parties.")

41.     In evaluating whether online terms and conditions are enforceable, courts have generally focused on adequate notice of those terms. "A document is incorporated by reference into a contract if the contract describes the document and expresses the parties' intent to be bound by its terms" and if the language providing for incorporation is "clear and specific."

*International Star Registry of Illinois v. Omnipoint Marketing, LLC*, No. 05 C 6923, 2006 US Dist. LEXIS 68420 (N.D. Ill. Sept. 6, 2006).

42. Plaintiff provides a statement at the bottom of its sales orders and quotes which states that the Product License must be read and accepted before the item can be purchased and that payment for the item(s) represents that they have read, understood, and accept the Product License terms. *See* Exhibit E. This language is a clear and specific expression of the intention to be bound by the incorporated document evidencing an intention by the parties to incorporate the terms of the Product License.

43. Each time Defendant received a sales order and/or quote, it was notified of the Product License Agreement. In addition, Defendant was notified of the Product License Agreement via the sticker notice placed on the products. Thus, adequate notice to Defendant was provided and payment of the invoices provides affirmative assent of the terms of the invoice including the Product License terms.

44. In addition, the Product License Agreement was easily available to Defendant as Defendant had access to the online terms as expressly stated on the sales order, quote and sticker. Moreover, the language in the invoice clearly and unequivocally refers to, identifies, and incorporates by reference the Product License. Defendant even purchased additional products and repeatedly accepted the Product License after it had been provided a separate copy of these exact terms.

45. Therefore, Plaintiff has shown with sufficient verified evidence that an enforceable contract to arbitrate exists.

46. Defendants also cannot dispute that the purported claim falls within the scope of the arbitration clause. There are no doubts here, as the arbitration agreement broadly encompass that any controversy or claim arising hereunder or in any way arising from their relationship or use of Intellectual Property shall be submitted to binding arbitration under the terms of the clause. *See* Exhibit D.

47. Accordingly, the Court should summarily compel the Defendants to arbitration.

48. A reversal of position to now refuse to arbitrate is unjustified and improper. The Product License provides that a "prevailing party may be entitled to recover reasonable attorney fees and costs incurred…." *See* Exhibit D. The Plaintiff should be awarded its full attorney fees and all costs to compel this arbitration. In spite of the principles strongly favoring arbitration and in spite of the explicit language obligating arbitration, Defendant's actions have forced this Petition and the involvement of this Court to compel the arbitration proceeding, such actions are not only wrongful but merit an award of attorney fees.

49. Alternatively, and only if not to be compelled to arbitration, the Court should proceed with breach of contract and violation of rights including but not limited to breach of contract and violation of related rights and clauses including but not limited to trademark, copyright, unfair competition, and misappropriation and such other claims as set forth in the Demand for Arbitration.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests judgment as follows:

1. A determination that a valid agreement exists, including an agreement to arbitrate.

2. That Defendant be compelled to arbitration over the issues.

3. That this Court compel the parties to appoint an arbitrator.

4. Alternatively, if the parties cannot agree on an arbitrator, this Court shall appoint an arbitrator pursuant to § 5 of the Federal Arbitration Act.

5. Alternatively, to enforce the agreement.

6. Alternatively, to enforce Plaintiff's rights.

7. Attorney's fees, costs, and other relief caused by the wrongful refusal to arbitrate.

8. Such other relief as may be requested or is appropriate.

DATED this 10th day of July, 2013.

> Respectfully submitted,
> **SANTANGELO LAW OFFICES**
> By: s/ Luke Santangelo
> LUKE SANTANGELO
> Santangelo Law Offices, P.C.
> 125 S. Howes Street, 3rd Floor
> Fort Collins, CO   80521
> Telephone:  (970) 224-3100
> Facsimile (970) 224-3175
> Email: lsantangelo@idea-asset.com
> Attorney for Plaintiff, Zahourek Systems, Inc.

VERIFICATION

I, Renee Zahourek, a Corporate Officer of Zahourek Systems, Inc. having been duly sworn state that I have read the foregoing Verified Petition to Compel Arbitration Under Federal Arbitration Act 9 U.S.C. §4, and that the information stated therein as factual is true, and those factual matters which are stated upon information and belief are believed to be true.

/S/ Renee Zahourek                                              July 10, 2013

Renee Zahourek, Corporate Officer                 Date
Zahourek Systems, Inc.

UNITED STATES OF AMERICA   )
STATE OF COLORADO          )ss.
COUNTY OF LARIMER          )

    SUBSCRIBED AND SWORN to before me in the County of Larimer, State of Colorado, United States of America, by Renee Zahourek, as Corporate Officer of Zahourek Systems, Inc., this 10th day of July, 2013.

    WITNESS my hand and official seal pursuant to the authority vested in me as a Notary Public by the State of Colorado.

                                          /s/ Lynda K. Martinez
                                          Notary Public
                                          My Commission Expires:   03/08/2016