IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-1812-RM-CBS

ZAHOUREK SYSTEMS, INC. and
JON ZAHOUREK,

    Plaintiffs and Counterclaim Defendants,

v.

BALANCED BODY UNIVERSITY, LLC,

    Defendant and Counterclaim Plaintiff.

## STIPULATED PROTECTIVE ORDER

The parties stipulate, subject to the approval of the Court and pursuant to Federal Rule of Civil Procedure 26(c), that the following provisions shall govern the production and handling of documents, electronically-stored information, answers, responses, depositions, pleadings, exhibits, and all other information and matter exchanged by the parties or filed with the Court throughout the proceedings in the above-captioned matter.

1. As used in this Stipulated Protective Order ("Order"),

    a. "Document" means any document or electronically stored information within the scope of Fed. R. Civ. P. 34(a)(1)(A), and "electronically stored information" means any information stored electronically, regardless of the format thereof or type of device on which such information is accessible or stored;

    b. "Information" means any information contained in any Document or Matter (as defined below) or disclosed orally;

    c. "Matter" means any designated tangible thing; and

Page 1

d. "This Action" means the above-captioned matter and includes all appeals of any order, judgment or decree until the final, non-appealable disposition of all issues raised in this Action.

2. This Order shall apply to all Documents, Matter and Information disclosed, produced, exchanged, or otherwise disseminated in this case, including without limitation, answers to interrogatories, responses to requests for admission, depositions and deposition transcripts.

3. Any party or non-party producing any Document, Matter or Information as part of discovery in this Action (a "Producing Party") may designate such Document, Matter or Information as "Confidential" or "Confidential – Attorneys' Eyes Only."

a. Any Document, Matter or Information should be designated "Confidential" at the time of disclosure when it (i) is used by the Producing Party in or pertaining to its business and is not generally known and would not normally be revealed to third parties; or (ii) would qualify as "confidential" pursuant to Rule 26(c) of the Federal Rules of Civil Procedure or any other applicable legal standard.

b. Any Document, Matter or Information should be designated "Confidential – Attorneys' Eyes Only" at the time of disclosure when it contains confidential business, technical or other information, such as marketing strategy, sales, costs, profits, production, pricing or information pertaining to customers, which the Producing Party believes in good faith could put it at a competitive disadvantage if the information were disclosed to employees of the receiving party or third parties.

c. By designating Documents, Matter or Information as "Confidential" or "Confidential – Attorneys' Eyes Only," counsel for the Producing Party are certifying

under Rule 26(g), after reasonable investigation, that the designation is proper under the standards applicable to obtaining such a protective order for such information by way of motion. Documents, Matter or Information marked "Confidential" or "Confidential – Attorneys' Eyes Only," together with any copies or extracts thereof, are sometimes hereinafter referred to as "Protected Information."

4.  If, through inadvertence, a Producing Party discloses any Document, Matter or Information that it believes should have been designated "Confidential" or "Confidential – Attorneys' Eyes Only," it may subsequently designate such Document, Matter or Information as belonging to the appropriate category. Thereafter, such Document, Matter or Information shall be treated as Protected Information. If the party in receipt of such Document, Matter or Information (the "Receiving Party") has disclosed the Protected Information to any third party prior to the designation, the Receiving Party shall notify the Producing Party and shall also make a good faith effort to have any Document, Matter or Information containing such Protected Information returned to the Producing Party.

5.  Any witness under examination at a deposition, hearing or at trial, and/or his or her counsel, shall invoke the provisions of this Order in a timely manner and designate the level of protection during the deposition or testimony. The witness under deposition and/or his or her counsel shall also have the right, within thirty (30) days of availability of a transcript of the deposition or testimony, to designate portions as "Confidential" or "Confidential – Attorneys' Eyes Only," or change the level of confidentiality of any portions already designated. If no designation is made during the deposition or testimony, or within thirty (30) days thereafter, then no part of the transcript (with the exception of exhibits) shall be treated as Protected Information. It is understood that counsel for a party may, solely in connection with this Action,

communicate the general substance of any Document, Matter or Information (including any deposition testimony) designated "Confidential – Attorneys' Eyes Only" and give advice and opinions to his or her client based on his or her evaluation of same, provided that such communications, advice and opinions shall not reveal the content of such "Confidential – Attorneys' Eyes Only" information except by prior written agreement of counsel for the parties, or by Order of the Court.

6. Protected Information designated by the Producing Party as "Confidential" or "Confidential – Attorneys' Eyes Only" shall not be disclosed except as provided in paragraphs 7 and 8 below, or by consent of the Producing Party or by Order of the Court.

7. Protected Information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" may be disclosed only to:

    a. Attorneys of record who are outside counsel for the receiving party and their employees;

    b. Graphics or design services personnel, non-technical jury or trial consulting services, and photocopy, document imaging and database services retained by counsel to assist with trial preparation or presentation, or other court proceedings in this Action provided that each such personnel, and each such services company has signed an undertaking in the form of Exhibit A attached to this Order before receiving Protected Information. Each services company shall be responsible for ensuring that its employees and staff comply in full with the provisions of this Order;

    c. The United States District Court for the District of Colorado, including all of its legal and clerical personnel, or any judicial body before which this Action is subsequently pending;

  d. Independent experts or consultants who are not associated directly or indirectly with a party and are engaged by outside counsel to assist in this Action, together with the employees, staff, or other assistants working under the supervision of such independent experts or consultants, provided that each such independent expert or consultant has signed an undertaking in the form of Exhibit A attached to this Order before receiving Protected Information. Independent experts and consultants shall be responsible for ensuring that their employees, staff, or other assistants working under their supervision comply in full with the provisions of this Order;

  e. Outside stenographic court reporters; and

  f. Any deponent or other witness who authored, received, or saw the Confidential Information or who is otherwise familiar with the Confidential Information.

 8. In addition to the persons or entities enumerated in paragraph 7 above, Protected Information designated as "Confidential" may be disclosed to the parties and their representatives.

 9. Each person authorized to receive Protected Information as provided in paragraphs 7 and 8 above shall use same solely for purposes of the defense or prosecution of this Action and in a manner consistent with this Order. Signature of this Order by counsel for a party shall bind the party and its principals, shareholders, directors, officers, employees, agents and representatives.

 10. Any non-party, including but not limited to any non-party person or non-party entity, wishing to come within the provisions of this Order when producing any Document or Matter or divulging any Information shall (a) sign a statement in the form attached as Exhibit A confirming that s/he has read the Order and agrees to comply with its terms, and (b) properly

mark the Documents or Matter that it considers to be or to contain Protected Information at the time such Documents or Matter are produced, except that in the case of oral testimony at a deposition, hearing or trial, Protected Information shall be designated as provided in paragraph 5 above.

11. The restrictions set forth in this Order shall not apply to information that is known to the Receiving Party before the date of disclosure to the Receiving Party or that becomes known to the public following disclosure in this Action, provided that such information does not become publicly known by any act or omission of a Receiving Party in breach of this Order.

12. Nothing in this Order shall preclude any party or such party's counsel, or any other person from disclosing or using, in any manner or for any purpose, any information not obtained in discovery in this proceeding, if such information is lawfully obtained from a third party, even though the same information may have been produced in discovery in this Action and designated as Confidential Information.

13. Nothing in this Order shall preclude any party or its counsel from (a) showing any Protected Information to an individual who prepared such Protected Information; or (b) disclosing or using, in any manner or for any purpose, any information from the party's own files which the party itself has designated as Protected Information.

14. Nothing in this Order shall be deemed to waive any right or obligation of any party to file a motion under D.C. COLO.L.Civ.R 7.2 to restrict access to all or a portion of Documents filed with the Court.

15. The parties agree to comply with D.C.COLO.L.Civ.R. 7.2 regarding procedures for restricting access to Documents, Matter or Information marked "Confidential" or "Confidential – Attorneys' Eyes Only."

16. A party may object at any time to the designation of particular Protected Information by giving written notice ("Notice of Objection") to the Producing Party by email. The Notice of Objection shall identify the Protected Information to which the objection is made and a response to the Notice of Objection (a "Response") shall be filed by the Producing Party within fourteen (14) days following receipt of the Notice of Objection. If the parties cannot resolve the objection within seven (7) days following the date of Response, the Producing Party shall seek to schedule a telephone conference for the parties to resolve the objection before the Magistrate Judge. Such conference shall be scheduled to take place within fourteen (14) days following the date of the Notice of Objection or as soon thereafter as the Magistrate Judge can hear the matter. If a telephone conference is scheduled, the disputed Protected Information shall be treated as designated until the parties resolve their dispute or the Court rules on a motion. If the Producing Party fails to schedule a telephone conference as aforesaid, the disputed Protected Information shall lose its designation as "Confidential" or "Confidential – Attorneys' Eyes Only" (as applicable) and shall not thereafter be treated as Protected Information. In connection with any dispute pursuant to this paragraph 16, the Producing Party shall bear the burden of establishing that good cause exists for the disputed information to be treated as "Confidential" or "Confidential – Attorneys' Eyes Only," as the case may be.

17. In the event that any party intends to use any Protected Information in any court proceeding in this Action, counsel shall confer in good faith on such procedures as are necessary to protect the confidentiality of such Protected Information, including but not limited to requesting the Court to hear counsel with respect to such Protected Information *in camera*. If a person other than the Producing Party intends to offer into evidence or tender the

Producing Party's Protected Information to the Court, such person shall first notify the Court of its intent to do so by providing an exhibit list of the exhibits to be proffered. Following such notification, the Producing Party may seek such protection from the Court as it deems appropriate, including the exclusion of parties, witnesses and the public from the Court and the sealing of pertinent parts of the Court record.

18.     The non-disclosure obligations of this Order shall survive the final, non-appealable disposition of this Action. Within thirty (30) days of the conclusion of this Action by final, non-appealable disposition, each party shall assemble all Protected Information received by it and (a) at the Producing Party's option, return at the Producing Party's expense or destroy all Protected Information that is in non-electronic form, and (b) destroy all Protected Information that is in electronic form, except that counsel shall be permitted to retain court filings, deposition transcripts, exhibits, and work product containing Protected Information, provided that such counsel and its employees and contractors shall not disclose such retained materials to any person or use such retained materials for any purpose unrelated to this action except pursuant to court order or written authorization by the Producing Party. Notwithstanding any of the foregoing, the parties, their counsel, and experts for a party shall not be required to return or destroy any Protected Information to the extent such Protected Information is (a) stored on media that is not reasonably accessible, such as disaster recovery backup tapes or discs, or (b) only retrievable through the use of specialized tools or techniques typically used by forensic experts.

19.     If a receiving party in possession, custody, or control of Protected Information is served with a subpoena, demand, or any other legal process seeking discovery of same by a non-party, the Receiving Party shall give prompt written notice to the Producing Party by email

within forty-eight (48) hours of its receipt of such subpoena, demand or legal process, provided that the provision of such notice is not forbidden by law or legal authorities. The Producing Party shall be solely responsible for seeking any relief or protection from any subpoena demand or legal process seeking such Protected Information and shall also be solely responsible for its costs and attorneys' fees in any proceedings relating to such subpoena or legal process.

20. Nothing in this Order shall in any way limit any right of the parties to oppose discovery of any Document, Matter or Information on grounds other than confidentiality.

21. Nothing in this Order shall prevent the parties from applying to the Court for relief from this Order, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to waive this Order in part or whole as to particular designated information or to modify or vacate this Order.

22. This Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

23. This Court shall retain jurisdiction over any action or proceeding arising out of or related to the performance of, compliance with or violation of this Order. Each Producing Party and each person or entity receiving Protected information agrees that it/he/she is subject to the jurisdiction of and bound by this Court for all of the foregoing purposes.

ORDERED this 9th day of December, 2014

BY THE COURT

*[signature]*

The Hon. Magistrate Judge Craig B. Shaffer

APPROVED AND AGREED:

| | |
|---|---|
| Santangelo Law Offices, P.C.<br>*Attorneys for* Zahourek Systems, Inc. and Jon Zahourek<br>125 S. Howes Street, 3rd Floor<br>Fort Collins, CO 80521<br>(970) 224-3100 Phone<br>(970) 224-3175 Fax<br>lsantangelo@idea-asset.com<br>nressue@idea-asset.com | Smith Byers LLC<br>*Attorney for* Balanced Body University, LLC<br>1877 Broadway, Ste. 605<br>Boulder, CO 80302-5244<br>(303) 656-9868 Phone<br>(303) 568-7798 Fax<br>carolyn@smithbyerslaw.com |
| By: _____<br>Name:   Nicole A. Ressue<br>Date: | By: _____<br>Name:   Carolyn Juarez<br>Date: |

**Exhibit A**

CERTIFICATION

The undersigned declares under penalty of perjury pursuant to the laws of the United States of America as follows:

1. The undersigned is:

\_\_\_\_\_ employed by or an authorized representative of _____ in the capacity of _____; or

\_\_\_\_\_ an individual wishing to come within the provisions of Stipulated Protective Order (the "Order") to which this Exhibit A is attached, as provided in paragraph 7.b, 7.d or 10 of said Order.

2. The undersigned has read a copy of the Order; recognizes that (a) during the undersigned's participation in this Action, the undersigned may have occasion to read or hear matters that are designated as "Confidential" or "Confidential – Attorneys' Eyes Only" Information; (b) the undersigned agrees not to disclose any such "Confidential" or "Confidential – Attorneys' Eyes Only" Information to any person not entitled to receive such "Confidential" or "Confidential – Attorneys' Eyes Only" Information as provided in the Order; (c) undersigned agrees to use all such "Confidential" or "Confidential – Attorneys' Eyes Only" Information solely for the purposes appropriate to the undersigned's participation in this Action; (d) that the undersigned shall be subject to the jurisdiction of the United States District Court for the District of Colorado as provided in paragraph 23 of the Order; and (e) the undersigned agrees to be bound and abide by the Order in every respect.

**By:** _____
**Name:**
**Date:**