**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Case No. 13-cv-01812-RM-CBS

ZAHOUREK SYSTEMS, INC.,
JON ZAHOUREK,

    Plaintiffs,

v.

BALANCED BODY UNIVERSITY, LLC,

    Defendant.

---

# ORDER
---

Pending before the Court is a second motion for summary judgment ("the motion for summary judgment") (ECF No. 151) and motion to strike ("the motion to strike") (ECF No. 162) affidavit of Jon Zahourek ("Zahourek") filed by defendant Balanced Body University, LLC ("defendant").[1] For the reasons discussed below, the motion for summary judgment and the motion to strike are denied without prejudice for failure to comply with this Court's Civil Practice Standard IV.B(2)(a)(ii).

Civil Practice Standard IV.B(2)(a)(ii) provides that motions for summary judgment must include a separate statement of undisputed material facts in support of the motion. The motion for summary judgment currently pending has not been filed with a separate statement of undisputed material facts. In fact, as far as the Court can discern, mention of facts, at least separately, in the

---

[1] This Order does not address the motion for reconsideration (ECF No. 148), which will be dealt with separately.

motion for summary judgment is notably missing. Not that it would have corrected the deficiency, but defendant did not even attempt to cite to the separate statement of undisputed material facts that it submitted with respect to its first motion for summary judgment. And this is not a case where a separate statement of facts is a procedural nicety; it is a necessity to scythe through the long grass that represents plaintiffs' imprecisely pled claims. Put another way, without the facts laid out in a separate statement the Court is left, for example, with a mess of facts thrown together with legal arguments related to whether purported contracts between the parties were breached. (*See* ECF No. 151 at 4-5.)

The Court acknowledges that plaintiffs filed a separate statement of undisputed material facts in support of their opposition to the motion for summary judgment (ECF No. 160-2), which, alone, is another reason to deny the motion for summary judgment. Plaintiffs' separate statement is only half helpful, at best, however, because, in their opposition, plaintiffs only use it, at most, half of the time. In fact, the opposition, is more notable for the lack of citations to the separate statement of facts than it is to the separate statement. (*See generally* ECF No. 155.) The Court has a limit on factual statements for a reason; it is so parties can present those facts that truly are material. If a party could get around the limit simply by presenting facts in a motion for summary judgment independent of the separate statement, there would be little point in having the separate statement. Plaintiffs' separate statement is a case in point.

The Court further notes that this veritable wild west of factual presentation leads to situations such as the submission of Zahourek's affidavit (ECF No. 155-16). At this juncture, the Court will not rule on the merits of the motion to strike. There is much merit to its underlying message however. The purpose of evidence for the Court, especially given the imprecise nature of the claims

still to be considered, is to sharpen the nature of the claims and show, at the very least from plaintiffs' perspective, that there is a genuine issue of material fact. Zahourek's affidavit may be interspersed with some facts, such as that Zahourek is the founder of Zahourek Systems, Inc. ("ZSI"), but it is to a great extent a monologue, full with long, rambling paragraphs that the Court finds particularly unsuited to an affidavit where the evidence has not been subject to any form of examination. If Mr. Zahourek wishes to present *facts* for purposes of supporting plaintiffs' opposition to any future motion for summary judgment he may do so, but not in the form that he has done so to date.

In light of the above, the Court rules as follows:

(1) The motion for summary judgment (ECF No. 151, 152) is DENIED WITHOUT PREJUDICE;

(2) The motion to strike (ECF No. 162) is DENIED WITHOUT PREJUDICE pending filing (if any) of a renewed motion for summary judgment; and

(3) Defendant may re-file its motion for summary judgment with a separate statement of undisputed material facts consistent with this Court's Civil Practice Standards and as instructed below.

Although defendant may re-file its motion for summary judgment, defendant may not alter the legal arguments therein; those arguments have been made. All the Court is looking for is for the facts to be presented in a coherent and consistent manner. As such, in re-filing the motion for summary judgment, all that defendant may do is submit a separate statement of undisputed material facts consistent with this Court's Civil Practice Standards. In addition, when citing to evidence in the motion for summary judgment, defendant **must** cite to the relevant paragraph(s) of the separate

statement.[2] The Court will not consider any arguments that cite to evidence outside of the separate statement. Moreover, to the extent that it is not clear, all evidentiary arguments must be supported by evidence.

The same principles apply to plaintiffs. In other words, should defendant re-file its motion for summary judgment, plaintiffs may re-file its response in opposition, but they may not alter the legal arguments therein. Plaintiffs may, though, file a new response statement of undisputed material facts; one that responds to the separate statement filed by defendant (if any). As with defendant, when citing to evidence in the response, plaintiffs **must** cite to the relevant paragraph(s) of their separate statement. The Court will not consider any arguments that cite to evidence outside of the separate statement. And, again, to the extent that it is not clear, all evidentiary arguments must be supported by evidence.

For both parties, the maximum number of separately numbered factual statements shall be eighty (80). The parties should not contemplate asking for more, nor should they contemplate trying to group multiple facts into one statement. In addition, to the extent any fact is not included in a factual statement contained within a separate statement of undisputed material facts, that fact will not be considered by the Court.

Finally, deadlines. Because the Court only requires facts to be presented anew, the Court does not expect this endeavor to take long. As such, the Court sets the following expedited briefing

---

[2] Consistent with this Court's Civil Practice Standards, the pertinent paragraph of the separate statement may then cite to the specific part of the record where the evidence may actually be found. For example, the motion for summary judgment (or response in opposition) will cite to "Statement of Facts ¶ 1," and statement of fact paragraph 1 will cite to "ECF No. 80-20 at 24:2-8," which, for example, might be a deposition transcript. To be clear, all of these are examples, and the parties may use whatever abbreviation for "statement of facts" that they so choose.

schedule. To the extent defendant wishes to re-file its motion for summary judgment, it must do so on or before **April 17, 2017**. Plaintiffs must then file their response in opposition on or before **May 1, 2017**. Defendant must file its reply (which also must follow the principles laid out *supra* with respect to not altering legal arguments and presentation of factual arguments and evidence) on or before **May 8, 2017**.

**SO ORDERED.**

DATED this 31st day of March, 2017.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge