**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Case No. 13-cv-01812-RM-MLC

ZAHOUREK SYSTEMS, INC.
JON ZAHOUREK,

      Plaintiffs,

v.

BALANCED BODY UNIVERSITY, LLC,

      Defendant.

---

**ORDER**

---

This matter comes before the Court with the filing of defendant Balanced Body University, LLC's ("defendant") motion to dismiss plaintiffs' remaining claims ("the motion to dismiss") (ECF No. 227). Plaintiffs, Zahourek Systems, Inc. ("ZSI") and Jon Zahourek ("Zahourek") (collectively, "plaintiffs"), have filed a response (ECF No. 229), and defendant has filed a reply (ECF No. 230). The Court held a hearing with respect to the motion to dismiss on June 14, 2018 (ECF No. 235). In addition, since the June 14 hearing, the parties have filed a Stipulated Motion to Enter Judgment on Defendant's Remaining Counterclaims ("the stipulated motion") (ECF No. 236), plaintiffs have filed a Notice of Intent and Request for the Right to File a Motion to Enter Judgment on Defendant's Remaining Counterclaims ("the notice on defendant's counterclaims") (ECF No. 237), and defendant has filed a response to the motion on defendant's counterclaims (ECF No. 239).

For the following reasons, the motion to dismiss (ECF No. 227) is DENIED, the stipulated motion (ECF No. 236) is GRANTED, and the notice on defendant's counterclaims (ECF No. 237) is construed as a motion for the same relief, and thus, DENIED AS UNNECESSARY.

In the motion to dismiss, defendant argues that plaintiffs' remaining claims—of which there are two—should be dismissed *with prejudice* because plaintiffs have effectively failed to prosecute those claims in stating, in the Revised Final Pretrial Order, that they would present no claims for trial.  (*See generally* ECF No. 227.)

The Court disagrees that plaintiffs have failed to prosecute their remaining claims.  Notably, defendant cites no authority for the proposition that, under the unique factual circumstances of this case, plaintiffs have failed to prosecute their remaining claims.  (*See id*. at 2-3.)  Instead, defendant jumps straight from stating without support that plaintiffs have not prosecuted their claims to the standard for dismissal with prejudice when a party has failed to prosecute.  When pressed, at the June 14, 2018 hearing, for support for this proposition, defendant again came up empty-handed.

Under the unique factual circumstances of this case, the Court finds that plaintiffs have prosecuted their remaining claims, irrespective of their decision not to pursue the claims at trial, and thus, Fed.R.Civ.P. 41(b) is not applicable here.  Most important is the fact that the two remaining claims have been through summary judgment and come out the other side intact.  The two claims would not *remain* in this case otherwise.  That being said, obviously, in light of the Revised Final Pretrial Order, plaintiffs have abandoned[1] their two remaining claims.  As far as the Court is

---

[1] As discussed at the June 14, 2018 hearing, plaintiffs have been reluctant to pick a word to describe what they have done with their remaining claims.  Any synonym of abandonment, waiver, or the like will do as far as the Court is concerned.  Whatever word is used, however, is not meant to indicate that plaintiffs have failed to prosecute their remaining claims.

concerned—having reviewed the entire case file, being cognizant of the entire history of this lengthy

case, and having listened to the arguments made at the June 14, 2018 hearing—plaintiffs' decision

in this regard was a strategic one in the sense that pursuing the remaining claims to trial was not

worth the cost that such an endeavor would cause.  Whether plaintiffs would have won at trial is

open to debate—that is why the claims were proceeding to trial—but that question is far beyond the

scope of the instant pleadings and whether plaintiffs have failed to prosecute their remaining claims.

In addition, the Court cannot say that plaintiffs abandoned their remaining claims because there was

no hope for plaintiffs at trial.  As such, the Court does not find that plaintiffs are trying to "game"

the system either.[2]

The Court reaches the same findings with respect to defendant's conduct with respect to its

counterclaims that were not included in the Revised Final Pretrial Order.  There is simply no basis

on the current record for the Court to find that defendant abandoned those counterclaims because

there was no legal basis for the same or because defendant wanted to "game" the system.

---

[2] The Court notes that, at the June 14, 2018, hearing, plaintiffs brought to the Court's attention the case of *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 67 F. Supp. 3d 1100, 1116-17 (N.D.Ca. 2014).  The Court does not dispute that, that case offers some helpful language for plaintiffs' cause, given that the court found that no judgment could be rendered as to various defenses that the defendant did not raise in the pretrial statement and did not litigate at trial.  That being said, the Court does not rely on *Apple* in making its decision herein.  Having performed its own research, there are cases that have dismissed claims with prejudice for failing to include them in a pretrial order.  *See, e.g.*, *Mozingo v. Trend Personnel Services*, 2015 WL 7424757, at *4 n.3 (N.D. Tex. Nov. 23, 2015); *Perkins v. Fed. Fruit & Produce Co., Inc.*, 2012 WL 1247192, at *6 (D. Colo. Apr. 12, 2012); *Lewis v. Strong*, 2010 WL 4959878, at *1 n.1 (D. Colo. Dec. 1, 2010); *Douglas v. Mortenson Broad. Co.*, 2005 WL 2778538, at *4 (N.D. Tex. Oct. 24, 2005); *see also G.A. Thompson & Co., Inc. v. Partridge*, 636 F.2d 945, 952-953 (5th Cir. 1981) (explaining that, although a securities claim had been incorporated in a pretrial order, if the claim had not been incorporated, "it could have had the effect of a dismissal with prejudice, as ordinarily a pretrial order is binding.").  Obviously, every case is going to have factual differences, and the Court is sure that all of the preceding cases, including *Apple*, could be distinguished from the case here—the procedural facts of this case are, as already mentioned, fairly unique.  The Court does not attempt to explain which, if any, of the preceding cases are similar to the facts here.  Instead, although the Court has considered the preceding cases, ultimately, the Court has decided to apply its own discretion, as Fed.R.Civ.P. 41 allows, to the unique facts of this case in order to arrive at what the Court believes is the right decision.

What does all this mean in terms of resolving the remaining claims and counterclaims? Well, the most important factor for the Court is, in light of the findings *supra*, that the remaining claims and counterclaims of plaintiffs and defendant—i.e., the ones that were either not included in the Revised Final Pretrial Order or not pursued to trial as stated in the Revised Final Pretrial Order—should be treated the same.  The parties have simply presented no reasonable basis for the Court to treat them differently.  There is certainly no such basis included in defendant's response to the notice on defendant's counterclaims.  (*See* ECF No. 239.)

Therefore, in terms of utilizing Rule 41, having excluded Rule 41(b) from consideration, the Court is left with Fed.R.Civ.P. 41(a)(1)(A) or (a)(2) ("Rule 41(a)(1)(A)" or "Rule 41(a)(2)"). Rule 41(a)(1)(A), obviously, does not apply because answers have been filed to plaintiffs' claims and defendant's counterclaims (ECF Nos. 50, 55), and the parties have not signed a stipulation of dismissal with respect to plaintiffs' remaining claims and the counterclaims of defendant not included in the Revised Final Pretrial Order.

That leaves Rule 41(a)(2).  If this was a matter of simply resolving plaintiffs' remaining claims, an argument could be made that Rule 41(a)(2) could apply.  More specifically, although plaintiffs have not filed a formal motion requesting dismissal, they did ask, in their response to the motion to dismiss, for their remaining claims to be dismissed without prejudice.  (ECF No. 229 at 10.)  That being said, plaintiffs appear to have focused their request for dismissal without prejudice upon Rule 41(b).  (*See id.*)[3]  As such, the Court is unprepared to find that plaintiffs have "request[ed]" a court order dismissing their remaining claims.  In any event, defendant has certainly

---

[3] Moreover, the Local Rules do not allow a motion to be made in a response.  *See* D.C.Colo. L.Civ.R. 7.1(d).

not requested that the Court dismiss its counterclaims that were not included in the Revised Final

Pretrial Order.   And, as mentioned, the Court believes that equal treatment is the best way to

proceed.

So, that leaves the Court with the only option presented by the parties—an option which,

remarkably, both parties ask for and, at least with respect to defendant, also argue against.   That

option is for the Court to simply say that plaintiffs' remaining claims and defendant's counterclaims

that were not included in the Revised Final Pretrial Order are no longer before the Court.   (*See* ECF

No. 229 at 4; ECF No. 239 at 3; ECF No. 227 at 2-3.)   The Court cannot say that it is pleased with

the foregoing disposition of the above-mentioned claims and counterclaims, but, no other viable

avenue has been presented by the parties.[4]   In that regard, the Court does not disagree with the

Magistrate Judge's observation that claims do not "simply cease to exist after 5 years of litigation."

(ECF No. 225 at 4.)   But, the same logic applies to defendant's counterclaims.

Ultimately, under the unique factual circumstances of this case and the arguments presented,

the Court is left with no alternative but to allow plaintiff's remaining claims and defendant's

counterclaims that were not included in the Revised Final Pretrial Order to cease to exist.   In other

words, the Court will not enter judgment with respect to those claims.

This leaves the stipulated motion.   Given that the motion is stipulated, the Court has no

concern with granting the same.   As a result, the Court will have judgment entered in favor of

---

[4] To the extent it is an avenue, the Court also does not believe that the remit of "inherent power" is a viable alternative here, in light of the findings *supra* with respect to the parties' conduct.  *See Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 857-858 (10th Cir. 2018) (discussing inherent power to dismiss counterclaims for failure to comply with a court order); *Lornes v. No Named Defendant*, 703 F. App'x 712, 713 (10th Cir. Nov. 24, 2017) (concerning inherent power over abusive litigants); *Tebedo v. Comm'r of Internal Revenue*, 676 F. App'x 750, 752 (10th Cir. Jan. 13, 2017) (discussing inherent power to dismiss for want of prosecution).

defendant with respect to defendant's fifth, seventh, and eighth counterclaims.  In doing so, the Court will (1) instruct the U.S. Patent and Trademark Office's Trademark Trial and Appeal Board to sustain Opposition No. 91211878, and to refuse registration of ZSI's pending Application Serial No. 85/636050 for Anatomy in Three Dimensions, and (2) instruct the U.S. Patent and Trademark Office to cancel ZSI's U.S. Trademark Registration No. 4309270 for Anatomy in Three Dimensions.  (*See* ECF Nos. 236, 236-1.)

Accordingly, it is for all of the reasons mentioned herein, that the motion to dismiss (ECF No. 227) is DENIED, the stipulated motion (ECF No. 236) is GRANTED, and the notice on defendant's counterclaims (ECF No. 237) is construed as a motion for the same relief, and thus, DENIED AS UNNECESSARY.  After entry of Judgment, the Clerk is instructed to CLOSE this case.

The Clerk is instructed to enter Judgment as follows:

Judgment is hereby entered in favor of defendant Balanced Body University, LLC ("defendant") in accordance with the findings and rulings in the Court's Opinions and Orders at ECF Nos. 143 and 195.  In addition, Judgment is hereby entered in favor of defendant with respect to defendant's fifth, seventh, and eighth counterclaims.  As a result, the U.S. Patent and Trademark Office's Trademark Trial and Appeal Board is ORDERED to sustain Opposition No. 91211878, and to refuse registration of Zahourek Systems, Inc.'s pending Application Serial No. 85/636050 for Anatomy in Three Dimensions.  Further, the U.S. Patent and Trademark Office is ORDERED to cancel Zahourek Systems, Inc.'s U.S. Trademark Registration No. 4309270 for Anatomy in Three Dimensions.

**SO ORDERED.**

DATED this 28th day of June, 2018.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge