**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Case No. 13-cv-01812-RM-MLC

ZAHOUREK SYSTEMS, INC.
JON ZAHOUREK,

    Plaintiffs,

v.

BALANCED BODY UNIVERSITY, LLC,

    Defendant.

___

**ORDER**
___

This matter is before the Court with the filing of Defendant Balanced Body University, LLC's ("defendant") motion for extension of time to file motion for attorney's fees ("the motion") (ECF No. 242). Plaintiffs, Zahourek Systems, Inc. ("ZSI") and Jon Zahourek ("Zahourek") (collectively, "plaintiffs"), have filed a response. (ECF No. 244.) The Court does not need a reply to rule on the motion.

As the Court has stated before in this case, the parties' conduct in this case, this time defendant's, never ceases to confuse. On June 28, 2018, this Court entered Final Judgment in this case. (ECF No. 241.) As defendant acknowledges in the motion, its motion for attorney fees was, thus, due on July 12, 2018. (*See* ECF No. 242 at 1-2.) For some reason that is entirely unexplained in the motion, defendant then chose to file a motion for extension of time to file its motion for attorney fees on July 12, 2018. (ECF No. 242.) Not only that, the "Notice of Electronic Filing" on

CM/ECF reflects that defendant waited until 7:44 p.m. on July 12, 2018. In other words, although defendant states that there are a "large number" of legal-fee invoices at issue, it chose not to file a motion for extension on any day between June 29, 2018 and July 11, 2018; instead, it waited until the last possible minute to do so.

Perhaps, under other circumstances, such last-minute action may not be so inexcusable. But, in this case, defendant was more than fully aware of the reasons that it would purportedly not be able to file its motion for attorney fees on time. Defendant asserts that those reasons were the July 4th holiday and an undisclosed "personal engagement" that required counsel to be out of the office. (ECF No. 242 at 2.) The July 4th holiday is, obviously, very well known and fixed in the calendar. As for counsel's personal engagement, even if the Court makes the generous assumption that counsel did not know about this engagement until the day it began, counsel states that the engagement occurred during the week of July 9, 2018. The fact that, as defendant asserts, there are "three different law firms" working for defendant makes the failure for someone from one of those law firms to file a motion for extension earlier even less excusable.

Apart from defendant's failure to provide good cause for the delay,[1] the motion is also subject to denial because it violates the Local Rules. Local Rule 7.1(a) requires counsel, *before* filing a motion, to confer or make "reasonable good faith efforts" to confer with opposing counsel about the relief sought in the underlying motion. D.C.Colo. L.Civ.R. 7.1(a). In the motion, defendant asserts that it "attempted to reach Plaintiffs' counsel and has been unable to do so." (ECF No. 242 at 1.) That, however, at best, is misleading. In response, plaintiffs assert that counsel for defendant did not

---

[1] To the extent it was not clear, the Court finds none of the reasons defendant provided for needing more time to constitute good cause.

attempt to confer until 6:20 p.m. on July 12, 2018. (ECF No. 244 at 1.) Fortunately, plaintiffs attach defendant's attempt to confer. It is an email sent at 6:18 p.m. on July 12, 2018. (ECF No. 244-1 at 1.) As mentioned *supra*, less than 90 minutes later defendant filed the instant motion. As far as the Court is concerned, that is not conferral and it is not a reasonable good faith effort to confer. It is entirely unreasonable. As a result, defendant has violated Local Rule 7.1(a), and the motion will be denied on that ground as well.[2]

For these reasons, the motion (ECF No. 242) is DENIED.

**SO ORDERED.**

DATED this 13th day of July, 2018.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

[2] The attachment to plaintiffs' response is also interesting because it is not just a single email; it contains an email chain. In an email sent on July 10, 2018, counsel for defendant told counsel for plaintiffs that defendant "will be" filing its motion for attorney fees on "Thursday," i.e., July 12, 2018. (ECF No. 244-1 at 2.) What happened between July 10 and July 12, 2018, the Court does not know, but it places defendant's reasons for not being able to file a timely motion in a distinctly unfavorable light.